SERRALLÉS, PLAINTIFF AND APPELLANT, *v.* TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Refund of Taxes.

No. 2603.—Decided March 17, 1922.

TAXES — REFUND OF TAXES — ACTION AGAINST THE PEOPLE OF PORTO RICO — BOND.—Act No. 76 of 1916 authorizes actions against The People of Porto Rico as prescribed therein and although an action for the refund of taxes may be considered an action against The People of Porto Rico, section 4 of Act No. 76 of 1916 perhaps being applicable, nevertheless when the action is brought exclusively under Act No. 80 of 1919 compliance with the requirements of that Act, which does not require a bond, will be sufficient.

ID.—ID.—PLEADING.—The fact that in the complaint in an action brought under section 66 of Act No. 80 of 1919 for the refund of taxes it is not alleged that the plaintiff unsuccessfully appealed to the Board of Review and Equali-

zation, or that he paid the taxes under protest, does not warrant the conclu-
sion that the complaint does not show a cause of action, for in such a case
it is not necessary to appeal to the board or to pay under protest.

The facts are stated in the opinion.

*Messrs. Texidor* and *De la Haba* for the appellant.

*The Attorney General* and *Messrs. C. Llauger* and *R. H. Todd, Jr.,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from the judgment rendered in an action brought by Juan Eugenio Serrallés against José E. Benedicto, Treasurer of Porto Rico, for the refund of taxes unlawfully collected.

In his declaration for the year 1918 the plaintiff declared an income of $119,768.32. Of this $108,022.78 was his share of the profits of the partnership of Succession of J. Serrallés. The laws in force in 1917 and 1918 were different as regards the rate fixed in the ascending scale of income. The tax in 1918 was higher. The Treasurer computed the tax as if all of the income declared had been received in 1918. The plaintiff paid without protest and thereafter, on August 2, 1920, wrote a letter to the Treasurer stating that of the income declared $76,015.18 had been received in 1917 and that therefore the tax on this sum should be calculated in accordance with the law in force in that year and not according to the law in force in 1918, as had been done. He concluded by asking for a refund of the $7,708.30 which for that reason had been collected in excess. The Treasurer replied on August 10, 1920, refusing the request because the income had been received by Serrallés as the result of a balance struck on April 30, 1918, and that was the day on which he validly acquired it, the fact that the balance covered a period of one year ending on that date being unimportant. Serrallés then brought this action by a complaint dated August 17, 1920.

The Treasurer pleaded that the complaint did not state

facts sufficient to constitute a cause of action and the demurrer was overruled. He then filed a motion for dismissal of the complaint because of failure to give the security required by section 4 of Act No. 76 of 1916, and also filed an answer. The case was tried and submitted for judgment on April 27, 1921.

At this juncture, on August 26, 1921, the district court entered judgment dismissing the complaint based exclusively on the motion relative to the giving of security which had remained pending. The district court considered this to be an action against The People of Porto Rico and that before commencing it the plaintiff should have furnished the bond required by section 4 of Act No. 76 of 1916.

The plaintiff appealed from the judgment of August 26th, 1921, and alleged that the court erred in applying to this case said Act No. 76 of 1916 when the law really applicable to it is Act No. 80 of 1919.

We believe that the appellant is right. Act No. 76 of 1916 authorizes actions against The People of Porto Rico according to its own terms and although in proper cases an action for the refund of taxes may be considered an action against The People of Porto Rico, to which section 4 of Act No. 76 of 1916 may be applicable, when such an action is brought exclusively under a special law which is complete in itself, it is sufficient to comply with the terms of that law. And that is actually the case before us.

This is an action for the refund of an income tax. Act No. 80 of 1919 was enacted to provide revenues for The People of Porto Rico through the levying of certain income taxes. Section 57 thereof provides that the Treasurer shall compute the amount of the tax and give notice of the result to the taxpayer. Section 58 confers upon the taxpayer the right to request the Treasurer to reconsider his decision. Section 59 determines what the Treasurer shall do in such a case.

Section 61 gives the taxpayer the right of appeal to the Board of Review and Equalization in case the Treasurer's decision is still adverse to him. Section 62 prescribes the procedure to be followed before the board and the powers of the board. And section 63 provides that if the board's decision is adverse to the taxpayer he shall pay the tax under protest and may bring an action against the Treasurer of Porto Rico before the proper district court for a final determination of the matter. But that is not all. After establishing this complete system, section 66 of the Act provides as follows:

"Section 66.—That the Treasurer be, and he is hereby, authorized to remit, reimburse or make restitution for any tax or duty erroneously or unlawfully imposed or collected, as well as of the amount of any fine collected by error or without legal authority therefor.

"That when proper claim has been made to the Treasurer of Porto Rico for the return, reimbursement or remittal of any duties or taxes erroneously or illegally levied or collected, as well as for the amount of any fines collected by error or without legal authority, if he refuses without reason to grant such a claim, the aggrieved party may appeal to the courts of justice, following therefor the procedure authorized and the proceedings established by Section 63 of this Act."

The plaintiff relied on that statute in resorting to the court in this case. That fact is admitted by the defendant-appellee in his brief. Act No. 80 of 1919 requires no previous security to be given and the wording of section 4 of Act No. 76 of 1916 does not warrant the inference that it was the intention of the Legislature to make it applicable to all actions theretofore authorized against The People of Porto Rico and even to such actions as might be authorized in the future, generally or specially.

This being so, the sole ground on which the judgment of the district court was based has no foundation.

The appellee insists that the complaint does not adduce

facts sufficient to constitute a cause of action. He alleges that in addition to section 66 of Act No. 80 of 1919, sections 61, 62 and 63 thereof are also applicable, and that inasmuch at it is not alleged in the complaint that an appeal was taken to the Board of Review and Equalization, or that the tax was paid under protest, the plaintiff has no right of action.

We do not entertain this view. It is true that section 66 prescribes that the action shall follow the procedure authorized and the proceedings established by section 63, but this clearly refers to the time within which to bring the action, to the title of the complaint and to the manner of prosecuting the action in court, all of which is to be found in section 63, and it is not necessary to supplement the intent of the legislators by the provisions of sections 61 and 62. Clearly the cases are different. The law is liberal and affords ample opportunities for correcting any error or repairing any injustice; first, when the taxpayer takes the first step and, second, when after the tax is levied and collected without difficulty or protest the taxpayer requests the refund of what in his opinion was unlawfully collected from him.

Having reached the foregoing conclusions, what should be our decision? It is necessary still to consider the case on its merits. The district court did not do this. The parties do not discuss the question in their briefs. We might perhaps set a day for a new hearing in order to give the attorneys an opportunity to argue the case, but it seems to us that under all the circumstances it is more appropriate and fair to reverse the judgment appealed from and remand the case for further proceedings. In this manner we shall give due opportunity to the lower court, which under the law should first have it.

*Reversed and remanded.*

Justices Wolf, Aldrey and Hutchison concurred.